IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon J. Lunn, ) | C/A No.     5:12-2706-MGL-KDW |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| Sgt. Ragland, Lt. Robertson, ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order filed on October 26, 2012. ECF No. 18. Defendants filed a response opposing Plaintiff's motion on December 26, 2012, ECF No. 29, and Plaintiff filed a reply to Defendants' response on January 7, 2013, ECF No. 30. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for Temporary Restraining Order, Plaintiff requests that Defendants "cover [his] injury" that he received when "chemical munitions" were used against him. ECF No. 18. Plaintiff also requests that the court order Defendants to provide medical care for back pains and neck pains that he received when he was pushed and shoved. *Id.* Plaintiff also requests "removal from [his] current institution" because his health and life are at risk. *Id.* Defendants oppose Plaintiff's motion arguing that the relief that Plaintiff requests is not a proper basis for injunctive relief. ECF No. 29 at 1. Defendants also argue that Plaintiff has failed to satisfy the

four factors required for preliminary injunctive relief and therefore his motion should be dismissed. *Id*. at 3.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Addressing Plaintiff's request for an order transferring him to another correctional institution, such relief is not an available remedy.  The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion.  *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984).  There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.  *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

Further, Plaintiff has not shown that irreparable harm is likely if his requests for medical care are denied. Nor has Plaintiff established a likelihood that he will eventually succeed on the merits of his complaint or that the public interest lies with granting the relief.

Based on the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order, ECF No. 18, be denied.

IT IS SO RECOMMENDED.

January 23, 2013                                      Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**