IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon J. Lunn, ) | Civil Action No.: 5:12-2706-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Sgt. Ragland, Lt. Robertson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Brandon J. Lunn ("Plaintiff") is an inmate at Perry Correctional Institution ("PCI") in Pelzer, South Carolina). On September 20, 2012, Plaintiff proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1.) Plaintiff alleges that Defendants Sgt. Ragland and Lt. Robertson used excessive physical force towards him. Defendants contend that Plaintiff's actions against them should be dismissed as a matter of law to the extent they are sued in their official capacities; that they are entitled to summary judgment because Plaintiff cannot show that the use of force was maliciously and sadistically applied for the sole purpose of causing harm; and that they are entitled to qualified immunity.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e) for the District of South Carolina, the within action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On February 4, 2013, Defendants filed a Motion for Summary Judgment (ECF No. 38). Plaintiff responded to Defendants' Motion for Summary Judgment on February 2, 2013 (ECF No. 45), and Defendants filed a reply to Plaintiff's response on February 27, 2013. (ECF No. 49.) On April 3, 2013, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that the Court grant Defendant's Motion for Summary

1

Judgment. (ECF No. 53.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 53-1). Petitioner filed objections to the Report on April 15, 2013. (ECF No. 55). The Report sets forth the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## Standard of Review

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The district court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005).

## Discussion

The Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment. Specifically, insofar as Plaintiff sought damages against Defendants for excessive force,

the Magistrate found that Plaintiff failed to show a genuine issue of material fact existed as to essential elements of his Eighth Amendment claims against Defendants. Insofar as Plaintiff sought recovery against Defendants in their official capacities, the Magistrate Judge noted that Defendants are officials of the State of South Carolina who cannot be sued as "persons" under 42 U.S.C. § 1983. Finally, the Magistrate Judge indicated that to the extent the court finds a constitutional violation Defendants are entitled to qualified immunity. Plaintiff filed a document titled "Report and Recommendation" on April 15, 2013 that the court construes as Plaintiff's objections to the Magistrate Judge's Report and Recommendation. (ECF No. 55).

## Conclusion

After review of the complete record in this matter, including the pleadings, Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and the applicable law, the court agrees with the Magistrate Judge's analysis and recommendation as to Plaintiff's alleged § 1983 claims. Plaintiff's objections, moreover, are without merit. Plaintiff's objections rehash evidence discussed by the Magistrate Judge and found to be insufficient to constitute an Eighth Amendment violation. Thus, the court finds that Plaintiff's objections raise no legally meritorious issues in opposition to the Report and Recommendation. Accordingly, the Magistrate Judge's Report and Recommendation is adopted in full and incorporated into this Order.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

July 16, 2013
Spartanburg, South Carolina